UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| BRIAN FISHBACK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:24-cv-00027-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| WARREN CO. FISCAL CT., *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendants. | ) | **ORDER** |

*** *** *** ***

Brian Fishback is a resident of Bowling Green, Kentucky.  Fishback has filed a *pro se* civil complaint [R. 1] and a motion to proceed *in forma pauperis* [R. 2].  Having reviewed this matter, the Court will dismiss this action because Fishback filed it in the wrong venue.  The Court will also order Fishback to show cause why the Court should not, as a precondition to any future action he might wish to file in this district, require him to file a certification from a licensed attorney that his complaint has an adequate basis in fact and law.

**I**

Beginning in 2021, Fishback filed a series of civil complaints in the United States District Court for the Western District of Kentucky.  In each of these cases, Fishback voiced his dissatisfaction with actions taken by local political leaders in Bowling Green related to urban renewal, zoning laws, expenditures of funds designated for economic development, voting access, financial recordkeeping, and gerrymandering.  The Western District dismissed each of these cases upon initial review because the Court lacked subject matter jurisdiction over his claims and because Fishback lacked standing to assert some of them.  *See Fishback v. Cummings*, No. 1:21-CV-52-GNS (W.D. Ky. 2021) (dismissing claims related to removal of

homes in the "Shake Rag Community" in Bowling Green, Kentucky), *appeal dismissed*, No. 21-5682 (6th Cir. Sept. 13, 2021); *Fishback v. Cummings*, No. 1:21-CV-63-GNS (W.D. Ky. 2021) (same); *Fishback v. Warren Co. Fiscal Ct.*, No. 1:21-CV-97-GNS (W.D. Ky. 2021) (dismissing claims related to local Transpark facility); *Fishback v. Warren Co. Fiscal Ct.*, No. 1:21-CV-98-GNS (W.D. Ky. 2021) (same).

Shortly after his first round of complaints was dismissed, Fishback filed a new complaint related to a different set of matters local to the Bowling Green area and reasserting the same matters that he had previously raised, and the Court had dismissed. The Western District again dismissed the complaint for lack of jurisdiction and lack of standing. The Court also cautioned Fishback that it would impose sanctions if he continued to file similarly defective or inappropriate suits in federal court. *See Fishback v. Buchanon*, No. 1:21-CV-125-GNS (W.D. Ky. 2021) (dismissing claims related to placement of voting booths, closure of a public library, and use of federal grant funds), *appeal dismissed*, No. 21-6074 (6th Cir. Dec. 22, 2021).

Just two months after that case was dismissed, Fishback filed yet another new complaint raising concerns (both new and old) about actions taken by Bowling Green officials. The Western District again dismissed the complaint for lack of jurisdiction and lack of standing. The Court also prospectively denied Fishback *pauper* status for any new action he wished to file against the named defendants or arising out of the same or related concerns, and directed the Clerk not to file any such complaint unless the filing fee was prepaid. *See Fishback v. Buchanon*, No. 1:21-CV-142-GNS (W.D. Ky. 2021). Fishback appealed, but the Sixth Circuit – noting its substantial agreement with the Western District's analysis of his complaint and its denial of *pauper* status in light of "Fishback's history of repetitive, frivolous filings" – denied

*pauper* status on appeal.  *See Fishback v. Buchanon*, No. 21-6062 (6th Cir. Apr. 27, 2022).  The appeal was dismissed when Fishback failed to pay the appellate filing fee.

Having worn out his welcome in the Western District, in September 2022 Fishback began filing complaints in this Court.  His first effort, filed in the Covington Division of this Court, asserted more than a dozen claims against 20 named defendants in a complaint spanning 57 single-spaced pages.  *See Fishback v. Downtown Redevelopment Auth.*, No. 2:22-CV-116-DCR (E.D. Ky. 2022).  Like its predecessors in the Western District, the complaint asserted previously-dismissed claims relating to the actions of local officials in Bowling Green.  As before, Fishback invoked this Court's federal question jurisdiction but referenced only two state statutes as the basis for his claims.  Fishback, implicitly acknowledging that venue was improper in this Court, explained that "I am not filing these legal papers in the county of where the incidents concerning these legal papers occurred, in order to try to avoid a preference of opinion from someone who is a local county resident from the county where these incidents occurred." [R. 1 at 13.]  This Court promptly transferred the case to the Western District because venue was improper in this Court.  [R. 5.]  The Western District dismissed the complaint because Fishback had failed to prepay the filing fee as previously ordered.  *Fishback v. Downtown Redevelopment Auth.*, No. 1:22-CV-127-BJB (W.D. Ky. 2022).

Fishback returned to this Court four months later in March 2023, filing an expanded version of the complaint that had been dismissed in this Court only months before.  The new complaint did not merely raise some of the same issues; much of it is the very same document, this time broadened to assert at least 15 claims against 32 named defendants in a complaint spanning 65 single-spaced pages.  *See Fishback v. Warren Co. Fiscal Ct.*, No. 3:23-CV-19-

GFVT (E.D. Ky. 2022).  The undersigned, noting Fishback's litigation history, dismissed the complaint pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Fishback's complaint in the present action is the exact same document he filed in his last case.  *Compare* Case No. 23-19-GFVT [R. 1 at 6-54] *with* [R. 1-1 at 1-50].  He has added two brief attachments [*See* R. 1-2; R. 1-3], but they simply reiterate claims and requests for relief he has made elsewhere in his pleading.  In the latter of these, Fishback indicates that he has filed a lawsuit in the state courts of Kentucky asserting the same or similar claims.  [R. 1-3 at 1.] Although Fishback provides no other information about this proceeding, state court records show that he filed it in November 2023 in the Circuit Court of Warren County, Kentucky.  *See Fishback v. Gorman et al.*, No. 23-CI-1597 (Warren Cir. Ct. 2023).[1]  Several defendants filed motions to dismiss the complaint for failure to state a claim.  One of those motions quotes a passage from Fishback's state complaint which strongly suggests that he simply filed one of his previous federal complaints in the state court.  The Warren Circuit Court has already dismissed the claims against four sets of moving defendants, but the case remains pending.

## II

The foregoing first makes clear that Fishback should not have filed his complaint in this district.  A plaintiff must file a civil rights action in a district where one defendant resides if all defendants reside in the same state, or in a district where a substantial part of the relevant events occurred.  28 U.S.C. § 1391(b).  Two of the named defendants work in Frankfort, but the

---

[1]  It also appears that Fishback's venue shopping has not been limited to the federal courts.  In April 2023, Fishback filed a civil case against Warren County officials in the Circuit Court of Carlisle County, Kentucky, which is located some 175 miles westward of the events about which he complained.  No further proceedings in that case have transpired since the circuit court denied Fishback's motion to proceed *in forma pauperis*.  *See Fishback v. Warren Co. Fiscal Ct.*, No. 23-CI-00015 (Carlisle Cir. Ct. 2023).

complaint says nothing about where they reside.  Fishback lists addresses in Bowling Green for the other two defendants.  Independent of residence, nearly all of the operative events described in Fishback's complaint occurred in Warren County, Kentucky.  Warren County falls within the territorial jurisdiction of the Bowling Green Division of the Western District of Kentucky.  *See* 28 U.S.C. § 97(b); LR 3.1(b)(2).  This case therefore should have been filed in the Western District of Kentucky.  When a lawsuit is filed in the wrong district, the court may either dismiss the case or transfer it to the proper district.  28 U.S.C. § 1406(a).  Fishback's repeated disregard of orders entered by both the Western District and this Court warrants dismissal of this action.  *See Keaveney v. Larimer*, 242 F.3d 389 (10th Cir. 2000) (holding that "it is not a clear abuse of discretion for the district court to deny a transfer where 'a plaintiff either realized or should have realized that the forum in which he or she filed was improper.'").

Fishback's complaint is also subject to dismissal for lack of subject matter jurisdiction.  The complaint largely asserts the same claims that the Western District previously dismissed for lack of subject matter jurisdiction.  Principles of res judicata therefore bar their reassertion now because the issue of subject matter jurisdiction was actually decided in the prior action.  *See Am. Sur. Co. v. Baldwin*, 287 U.S. 156, 166 (1932) ("The principles of res judicata apply to questions of jurisdiction as well as to other issues."); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n. 9 (1982) (stating that once a subject-matter jurisdiction claim is decided against a party, res judicata prevents him from re-litigating the issue); *Hooker v. Fed. Election Comm'n*, 21 F. App'x 402, 405 n.2 (6th Cir. 2001) (citing *Baldwin* and noting that "a decision may have preclusive effect even if the decision is not made on the merits."); *Korfhage v. Great Fin. Corp.*, 127 F.3d 1102 (6th Cir. 1997) ("The district court properly concluded that, after its dismissal of Korfhage's first complaint for lack of subject matter jurisdiction, the

doctrine of res judicata precluded consideration of his second complaint.").  Even considering the question anew, like its predecessors Fishback's present complaint fails to set forth grounds sufficient to present a federal question, warranting dismissal on jurisdictional grounds.

Finally, the complaint Fishback filed in late 2023 in the Warren Circuit Court raises many of the same claims he asserts here, against some of the same defendants, and that case remains pending.  Particularly because matters of state law predominate the resolution of the issues Fishback raised in both that action and this one [R. 1 at 3 (referencing Kentucky statutes as providing the basis for his claims)], abstention is warranted pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) (holding that as a matter of comity and due respect for state courts, federal courts should generally decline to exercise jurisdiction over a matter where doing so would interfere with ongoing state proceedings, particularly those involving important state interests).

### III

As noted above, the Western District has dismissed Fishback's complaints on several occasions, then cautioned him that sanctions would be imposed if he continued to assert them, and finally barred him from obtaining *pauper* status with respect to his oft-repeated claims when he refused to desist.  Rather than learning from these setbacks, Fishback has now moved to this Court as a new forum to air his complaints.  Despite two prior dismissals from this Court, Fishback presents the same claims for a third time in this action.  Sanctions are warranted to deter such conduct.

The Supreme Court established long ago that "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Anderson v. Dunn*, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821).  Accordingly, a district court has inherent authority to

sanction parties whose actions are vexatious, frivolous, or undertaken in bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). This authority is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

In addition to this inherent authority, "[a] district court has the power under the All Writs Act, 28 U.S.C. § 1651, to enjoin a party from filing suits attempting to reopen or relitigate closed cases. This power extends to enjoining further filings in support of frivolous and vexatious claims." *Spencer v. Slone*, 1986 WL 16350, at *3 (6th Cir. 1986) (upholding Eastern District of Kentucky district court's pre-filing injunction against new federal actions by plaintiff arising out of his state court prosecution for passing bad checks). Federal Rule of Civil Procedure 11(c)(3) is a separate grant of authority which permits the Court to require a party to demonstrate that their conduct does not warrant sanctions for violation of Rule 11(b). *Cf. Neuman v. United States*, No. 07-CV-362-MJR, 2009 WL 1514566, at*2-3 (S.D. Ill. June 1, 2009) (imposing $1,000 in sanctions pursuant to Rule 11 for prisoner's repeated post-judgment filings asserting presiding judge was biased and unqualified, and cautioning of possible criminal contempt sanctions, including incarceration, should personal attacks continue).

Certainly, the Court must afford additional latitude to parties untrained in the law, *Haines v. Kerner*, 404 U.S. 519, 596 (1972), as their misguided actions may be the consequence of inexperience or lack of specialized knowledge rather than borne of a desire to harass or delay. But this forgiving approach to compliance with procedural rules has never "[been] interpreted so as to excuse mistakes by those who proceed without counsel," *McNeil v. United States*, 508 U.S. 106, 113 (1993), and the courts have never allowed "the right of self-representation [to be used as] a license to abuse the dignity of the courtroom." *Faretta v. California*, 422 U.S. 806, 835

n.46 (1975).  Even a court's "special solicitude" towards *pro se* litigants "does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights."  *Pandozy v. Segan*, 518 F. Supp. 2d 550, 558 (S.D.N.Y. 2007) (imposing pre-filing restrictions against a litigant "unwilling[] to accept unfavorable rulings on her claims. Each time her claims are dismissed, she repackages them with new labels, against new defendants, and in new courts, as part of an 'ever-broadening conspiracy theory.'").

Any person proceeding *pro se* who repeatedly files frivolous lawsuits or motions abuses the right to represent himself without counsel and the privilege of proceeding without payment of the filing fee, and imposes a heavy burden upon the resources of the court at the expense of other litigants with potentially meritorious claims.  The Court may therefore impose sanctions necessary and appropriate to deter such conduct.  *Chambers*, 501 U.S. at 45-46.  The Court may deny the plaintiff *pauper* status, *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992), or for more quarrelsome conduct, may require him to pay another party's attorneys fees, *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511-12 (6th Cir. 2002).  For the most obstinate litigant, the court may require prior permission from the Court before ***any*** new lawsuit or motion may be filed.  *Filipas v. Lemons*, 835 F. 2d 1145, 1146 (6th Cir. 1987); *Maxberry v. S.E.C.*, 879 F. 3d 222, 224 (6th Cir. 1989).

Fishback has repeatedly filed duplicative lawsuits and appeals, conduct that serves no legitimate purpose and places a significant burden on this Court's limited resources while depriving other litigants with plausible claims of the speedy resolution of their cases.  This conduct evidences his bad faith and constitutes an abuse of the judicial process.  In light of that history, the Court intends to enter an Order requiring Fishback, as a condition precedent to him

filing any new complaint in this Court, to obtain and file a certification from an attorney licensed in Kentucky and who is admitted to practice before this Court which states that, following a reasonable pre-filing investigation, the proposed pleading complies with the requirements of Rule 11 of the Federal Rules of Civil Procedure and does not include matters that Fishback has previously presented to this Court.  Such pre-filing restrictions can be imposed under circumstances such as these.  *See Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996) ("it is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed."); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation.").

Before imposing such conditions, the Court will afford Fishback an opportunity to respond, whether to offer an explanation for his conduct in mitigation or to interpose factual or legal objections to the proposed restriction.  *See Metz v. Unizan Bank*, 655 F. 3d 485, 490 (6th Cir. 2011) ("... parties should be given notice of the possibility of inherent power sanctions so that they 'can present to the district court those rules or statutes that may be more appropriate.'").  Therefore, within twenty-one (21) days Fishback must file a written response to this Order.  The Court will impose the sanction described above if Fishback fails to file a timely response or files a response that does not identify factually and legally sufficient grounds why the restriction should not be imposed.

Accordingly, and the Court being otherwise sufficiently advised, it is **ORDERED** as follows:

1.      Brian Fishback's complaint **[R. 1]** is **DISMISSED**;

2.      All pending motions are **DENIED** as moot;

9

3.     This matter is **STRICKEN** from the docket; and

4.     Within twenty-one (21) days, Fishback shall **SHOW CAUSE** why the Court

should not impose the filing restrictions described above.

This the 10th day of April, 2024.

Gregory F. Van Tatenhove
United States District Judge